Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court
## for the
### NORTHERN DISTRICT OF ALABAMA

FILED
2021 OCT 21 A 11: 48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Plaintiff,**
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

Riley Buchholz

v.

PeopleTec, Inc.

Case No.: 5:21-CV-1413-HNJ
*(to be filled in by the Clerk's Office)*

JURY TRIAL  ☒ Yes  ☐ No

**Defendant(s),**
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.   The Parties to This Complaint**

   **A.   The Plaintiff**

| | |
|---|---|
| Name | Riley Buchholz |
| Street Address | 214 Millbury Court |
| City and County | Madison, Madison County |
| State and Zip Code | AL, 35756 |
| Telephone Number | 256-694-0376 |
| E-mail Address *(if known)* | hobbles720@hotmail.com |

☐   Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.

| Date | Participant Signature |
|---|---|

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## II. Basis for Jurisdiction

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PeopleTec, Inc. |
| Job or Title *(if known)* | |
| Street Address | 4901 Corporate Drive, NW |
| City and County | Huntsville, Madison County |
| State and Zip Code | AL, 35805 |
| Telephone Number | 256-319-3800 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title *(if known)* | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | PeopleTec, Inc. |
| Street Address | 4901 Corporate Drive, NW |
| City and County | Huntsville, Madison County |
| State and Zip Code | AL, 35805 |
| Telephone Number | 256-319-3800 |

**II.**   **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- ☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☑ Other federal law *(specify the federal law)*: 29 U.S. Code Chapter 28 - Family and Medical Leave, Section 504, Rehabilitation Act of 1973

    Relevant state law *(specify, if known)*:

    Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

- A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    - ☐ Failure to hire me
    - ☑ Termination of my employment
    - ☐ Failure to promote me
    - ☑ Failure to accommodate my disability
    - ☐ Unequal terms and conditions of my employment
    - ☑ Retaliation
    - ☑ Other acts *(specify)*: Section 105, FMLA: Retaliation and FMLA Interference

        *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s): January 29, 2020: Failure to accommodate my disability; February 25, 2020: ADA Retaliation February 25, 2020: FMLA Interference; May 18, 2020: Termination of my employment and FMLA Retaliation

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me

☒ is/are not still committing these acts against me

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____

☐ color _____

☐ gender/sex _____

☐ religion _____

☐ national origin _____

☐ age *(year of birth)* _____
*(only when asserting a claim of age discrimination)*

☒ disability or perceived disability *(specify disability)* Idiopathic Hypersomnia

E. The facts of my case are as follows. Attach additional pages if needed. Began working my position of Network Engineer (as a Contractor for the Government) in 2016 (with BAE Systems). In February 2018, the contract that held my position was re-competed. PeopleTec, Inc. was part of the Contractor team awarded the contract. I was hired by PeopleTec at that time. I was not given specific work hours or meeting requirements upon being hired or anytime thereafter (written or verbal) before January 29, 2020. Late summer 2018 I began experiencing symptoms (eg: extreme fatigue and other related symptoms). I was diagnosed with Idiopathic Hypersomnia in June 2019 and disclosed this information to the contractor Task Lead, Brian Garcia in August 2019. On January 7, 2020 I reported my disability to Meagan Gooding, PeopleTec, Inc. Human Resources Benefits Manager and requested an accommodation for my disability.           CONTINUED IN ATTACHMENT A.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## IV.    Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: June 9, 2020

B.   The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter

☑    issued a Notice of Right to Sue letter, which I received on *(date)*: August 17, 2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question:
Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed

☐    less than 60 days have elapsed

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages beginning February 26, 2020: Lost back pay (to be calculated from the basis of $120,175 annual salary), lost Employee Owned Stock Share Program benefit and lost 401(k) with company matching accruals. Lost medical benefits beginning May 19, 2020 (to be calculated from the basis of $12,980.86 annually).

Maximum compensatory and Punitive damages for extreme mental anguish, ongoing financial hardship due to household income decreasing by at least $120,000 annually causing loss of enjoyment in my life as a result of the reckless act of discrimination by PeopleTec, Inc. I hold the defendant responsible for all damages with reasoning of: Failure to Accommodate, FMLA interference, ADA retaliation and desperate treatment resulting in termination of my employment violating ADA and FMLA law.

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

### VI. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 10/21/21

Signature of Plaintiff: _R. Buf_

Printed Name of Plaintiff: Riley Buchholz

#### B. For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

# ATTACHMENT A

# PRO-SE COMPLAINT FOR EMPLOYMENT DISCRIMINATION FORM, SECTION III-E, FACTS OF CASE CONTINUATION.

**Riley Buchholz v. PeopleTec, Inc.**

On January 29, 2020 I was issued the accommodation, to be implemented and effective starting February 3, 2020. I worked in my position, in accordance with the accommodation, from February 3, 2020 to February 25, 2020.

Three areas (and not fully inclusive) of the accommodation are quoted to provide necessary facts regarding this complaint.

1. "We are willing to modify these hours to 0900-1800. In addition, your on-time presence at Monday 0900 weekly staff meetings is required. In the event you are unable to arrive by 0900, you are required to notify Brian Garcia and Tony Brown as soon as is practical."

2. "If medical reasons prevent you from working 40 hours within the modified Normal Duty Hours specified above, the hours you are short will be counted as intermittent leave under the Family and Medical Leave Act and must be listed accordingly with the FMLA charge code on your weekly time sheet."

3. "If we are unable to reasonably accommodate you in your current job, we will attempt to accommodate you by transferring you to a vacant position within PeopleTec, if available, for which you are qualified."

Page 1 of 3

Of the 17 business days I worked under accommodation, when I was absent or late (per the "modified normal duty hours") all of which were due to medical reasons, I informed Brian Garcia prior to my modified start time of 0900. I was able to work extra hours during those weeks to make up all hours achieve 40 hours worked and did not require utilization of the FMLA charge code on my time sheet.

February 25, 2020 I was verbally informed by Tony Brown, PeopleTec, Inc. Program Manager and Meagan Gooding that I was being removed from my position due to my inability to consistently report to work at 0900. I was told to begin FMLA leave beginning on February 26, 2020. February 27, 2020 I received an email from Meagan Gooding stating "medical challenges" were precluding me from "being able to work a predictable schedule for the foreseeable future" and I was being placed on continuous FMLA leave beginning Wednesday, February 26, 2020. Meagan stated I had enough FMLA hours to cover me through Monday, May 18, 2020. The email also stated, "If we are unable to find a position to accommodate you by May 18, 2020, then your employment with PeopleTec will end at that time.".

February 28, 2020 I emailed Meagan Gooding in regards to job requisition# 1350187 for a Network Engineer Systems Integrator (my position) I found on Indeed and asked if a reasonable ADA could be established for this position. I was informed by Meagan Gooding, "That position unfortunately won't allow for the flexibility you need.".

March 30, 2020 I sent an email to Meagan Gooding requesting the ability to tele-work in my former position, as all of my co-workers were now working remotely due to Covid-19. The request was denied.

May 1, 2020 I received a memo from Meagan Gooding with notice of termination of employment effective May 18, 2020.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA<br>_X_ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Mr. Riley Buchholz | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Street Address<br>214 Millbury Court | City, State and ZIP Code//<br>Madison, AL 35756 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>PeopleTec, Inc. | No. Employees, Members<br>> 50 | Phone No. (Include Area Code)<br>(256) 319-3800 |
|---|---|---|
| Street Address<br>4901 Corporate Drive NW | City, State and ZIP Code<br>Huntsville, AL 35805 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)<br><br>___ RACE  ___ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN<br><br>___ RETALIATION  ___ AGE  _x_ DISABILITY  ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest           Latest<br>1/13/2020       5/18/2020<br><br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**Please see attached.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>6/9/2020         *[signature]*<br>Date       Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Riley Buchholz Particulars

I have been performing the same position as a Network Engineer on Redstone Arsenal since 2016. In February 2018 PeopleTec, Inc. took over the contract I was on and thus I became a PeopleTec employee. Beginning late summer/fall of 2018 I was experiencing extreme fatigue and other related symptoms. After many studies and doctors' visits, I was diagnosed with idiopathic hypersomnia (IH) in June 2019. IH is related to narcolepsy, in that it makes it very hard for me to become fully awake and alert after sleeping. In my department, everyone works independently and comes in for hours that fit each person's schedule and can vary widely. In August/September of 2019, I spoke with my manager, Brian Garcia, and we talked about my disability. He agreed to that I could work on premises from 11:00 a.m. until 7 p.m. each day and came in earlier if I could. He understood I needed this because of my disability, and I worked that schedule with only minor tardiness issues for several months. I was able to perform my job working these hours.

On January 6, 2020, my manager, Brian Garcia, called me in and told me I was going to have to start working the "core hours," even though other employees have somewhat flexible schedules and did not always work "core hours." The core hours were from 9 a.m. to 3 p.m., but these are not written down anywhere or mandated by company policy. I reminded Mr. Garcia I had a disability that would make it difficult for me to work the "core hours" and decided to go to human resources. Mr. Garcia told me the government customer was concerned about my hours. I had never received any comments or complaints from anyone in the government.

The next day, I began the process through the Human Resources (HR) Department to request an accommodation for my disability.

On January 13, 2020, Chris Farley, the program manager for Quantum, spoke to me on the phone wanting to discuss my "tardiness." I explained that I was working with HR to get an accommodation for my disability. Mr. Farley then stated I had "insomnia due to medication issues," and indirectly accused me of timecard fraud. He ended the call by writing me up for "performance issues." Mr. Garcia and Mr. Farley spoke openly about my condition in the office and created a hostile work environment during the following weeks while I tried to get an accommodation through HR. I reported this to the HR department.

On January 29, 2020, I was finally given an accommodation to work 9 a.m. to 6 p.m. This did nothing at all to address my actual issues with work related to my disability. This was presented to me as the only other option next to losing my job. Of course, in the following month I continued to struggle with getting to work on time. On February 25, 2020, I was told by Anthony Brown, my manager at PeopleTec, that I was being removed from my position due to my inability to consistently report at 9 a.m.

While on FMLA leave, I worked with HR to try to apply for short term disability just so that I would have an income. That was denied, and I was officially terminated on May 18, 2020. At no point had the government customer that I performed work for complained about my performance or the hours I was working. The only "performance issues" I was ever spoken to about were my tardiness, which did not prevent me from supporting the customer or performing my job duties.

I believe I have been discriminated against, was not provided a reasonable accommodation, and was retaliated against for requesting a reasonable accommodation in violation of the Americans with Disabilities Act. I am filing this Charge on behalf of myself and all others similarly situated.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Riley Buchholz<br>214 Millbury Court<br>Madison, AL 35756 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

RECEIVED
AUG 17 2021

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02234 | GLENDA BROWN-WADE,<br>Investigator | (205) 651-7064 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

SHERI GUENSTER
Digitally signed by SHERI GUENSTER
Date: 2021.07.23 13:08:09 -05'00'

Enclosures(s)           //for BRADLEY A. ANDERSON,           (Date Issued)
                              District Director

cc:
PEOPLETEC, INC.
%Julie Richardson, HR Director
4901 Corporate Drive, Nw
Huntsville, AL 35805

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.